UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAH BAINS, | Case No. EDCV 16-823-GHK (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| PACIFIC GAS AND ELECTRIC COMP. PG and E, | |
| Defendant. | |

**I.**

**INTRODUCTION**

Plaintiff Shah Bains ("Plaintiff") has filed a pro se civil rights complaint ("Complaint") alleging Defendant Pacific Gas and Electric Company ("Defendant") violated the Safe Drinking Water Act ("SDWA") and Plaintiff's constitutional rights under Title 42 of the United States Code, section 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///

///

///

///

## II.

## **BACKGROUND**

On April 27, 2016, Plaintiff filed a pro se civil rights complaint alleging Defendant violated the SDWA and Plaintiff's constitutional rights under Section 1983. See ECF Docket No. ("Dkt.") 1, Compl. Although not entirely clear, Plaintiff's ninety-three-page Complaint appears to allege Defendant poisoned water on Plaintiff's farm in Hinkley, California. See id. Plaintiff describes the farm as follows:

> BAINS Farms is the Largest Farm, North-side of Town of Hinkley, two Metal Gates 1 ½ Miles apart, on two Rds[.] Two big Tractors, House & 35' Water tower, far beyond an eye could see; Guarded by War Vets, w/ 6 Live Gunsloaded, 3behind each door, hoping 3 Moslems would come-by, North-side or South side to surprise us. But this Poisonous Snake from 5 Miles underground, through drinking Water, Big Well & Motor; CAME invisible to EYE, COLOR OR TASTE. ALL FELL DOWN.

Id. at 14.

Plaintiff argues "Lead-Arsenate, only 10% used to Kill all of Hinkley Town, is sitting Suprize for Obama – Abengoa Solar, w/ 5 Billion $ Invested; are Greg & Nick. Moslem firing Rockets full of this Pesticide is 99% kill to Fort Irvin Base, next door, or SBD or LA County People." Id. at 15. Plaintiff attaches invoices of laboratory tests taken in Hinkley, California, orders from the California Superior Court for the County of San Bernardino County, and photographs of a mailbox, gate, and Plaintiff's family members. Id. at 17-93.

Plaintiff requests the following relief: (1) "Permit to Operate: Be withheld in Calif. State until where-abouts of Rest of PESTICIDES, & MOSLEM-BOND is safe to OBAMA-ABENGOA, SBD & LA People;" (2) "SHUT DOWN ORDER to get out of Town of Hinkley & SBD County, all Pipe-lines. Pay all damages;" (3)

2

1  "JOB REINSTATEMENT for Shah Bains as D.M. & 18 Years of Back-pay,
2  HONOR & RESPECT LOST;" and (4) monetary damages totaling
3  $1,175,000,000.00 "to Plaintiffs BAINS DAUGHTERS, for Hinkley Farm Water
4  Poisonning, Pains & Sufferings & they will share it with all 36 Others, who lost in
5  the County Court House." Id. at 16.

## III.
## STANDARD OF REVIEW

8  In civil actions where the plaintiff is proceeding in forma pauperis, Congress
9  requires district courts to dismiss the complaint "at any time" if the court
10 determines the complaint, or any portion thereof: (1) is frivolous or malicious; (2)
11 fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
12 from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see also
13 Lopez v. Smith, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000) (en banc).

14 Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of
15 Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without
16 notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv.,
17 Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Sparling v. Hoffman Constr. Co.,
18 864 F.2d 635, 638 (9th Cir. 1988) (same).  The court's authority in this regard
19 includes sua sponte dismissal of claims against defendants who have not been
20 served and defendants who have not yet answered or appeared.  See Abagnin v.
21 AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

22 In applying these standards, "a pro se complaint, however inartfully pleaded,
23 must be held to less stringent standards than formal pleadings drafted by lawyers."
24 Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal
25 quotation marks omitted).  However, "a pro se litigant is not excused from
26 knowing the most basic pleading requirements" or "from following court rules."
27 Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th
28 Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford,

542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## IV.

## DISCUSSION

### A. THE COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

#### (1) APPLICABLE LAW

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted). See also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"). See also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth

4

Circuit affirmed Rule 8 dismissals); <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

**(2) ANALYSIS**

Here, the Complaint is needlessly long, incomprehensible, rambling, and confusing. See <u>Cafasso</u>, 637 F.3d at 1059. The Complaint comprises ninety-three pages of nonsensical run-on sentences that render the Complaint unintelligible. <u>See</u> Dkt. 1, Compl. Hence, the Complaint fails to give Defendant adequate notice of the legal claims asserted against it. See <u>McHenry</u>, 84 F.3d at 1176. For example, the Court cannot discern the meaning of Plaintiff's allegations that:

- War veterans protected Plaintiff's farm with six loaded guns, "hoping 3 Moslems would come-by, North-side or South side to surprise us;"
- A permit should be withheld "until where-abouts of Rest of PESTICIDES, & MOSLEM-BOND is safe to OBAMA-ABENGOA, SBD & LA People;"
- Plaintiff should be compensated for "18 Years of Back-pay, HONOR & RESPECT LOST;"
- Plaintiff's daughters should receive $1,175,000,000.00 to share with thirty-six people;
- "HORSE w/ BLINDS. Only Cr6 Meter has good battery, after Moslems Guards orders a fill-up & Salting or Diluting it;"
- "Hinkley Hammer can hit this SOB, if Govt cannot do its job of Protecting Man People, on their Property;" and
- "Invisible Pakis Moslem Immbeded Inside Hinkley PG&E."

<u>See</u> Dkt. 1, Compl. at 14-16, 19-20.

Unclear pleadings such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," remain subject to dismissal. <u>Little v. Baca</u>, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Accordingly, the Court must dismiss the Complaint for failure to comply with Rule

5

8. See McHenry, 84 F.3d at 1177; see also Clayburn v. Schirmer, No. CIV S-06-2182-ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

In amending the Complaint, Plaintiff must state each claim separately. For each claim, Plaintiff should clearly, precisely, and briefly identify the legal basis and the facts underlying it. See Bautista, 216 F.3d at 840-41. Plaintiff should identify when the alleged harm was committed, who caused the alleged harm, and what actions were committed by each alleged wrongdoer.

**B.    THE COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**(1)    APPLICABLE LAW**

As stated above, Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar, 813 F.2d 986, 991.

**(2)    ANALYSIS**

Here, because the Court cannot decipher Plaintiff's allegations, Plaintiff fails to state a claim and "cannot possibly win relief." See id. Thus, the Court must dismiss the Complaint for failure to comply with Rule 12(b)(6). Id.

## V.
## ORDER

Accordingly, the Court ORDERS Plaintiff's Complaint be DISMISSED with leave to amend.

**A.    PLAINTIFF MAY FILE A FIRST AMENDED COMPLAINT**

Within twenty-one (21) days of this order, Plaintiff may file a First Amended Complaint. If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended

Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document. Plaintiff must comply with Central District of California Local Rules.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all the claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.

**B. PLAINTIFF MAY VOLUNTARILY DISMISS THIS CASE**

Alternatively, Plaintiff may request a voluntary dismissal of this case, pursuant to Federal Rule of Civil Procedure 41(a). If Plaintiff chooses this option, this action will be dismissed in its entirety without prejudice. **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form.**

///

1     Plaintiff is explicitly cautioned that failure to timely file a First Amended
2 Complaint will result in this action being dismissed without prejudice for failure to
3 prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure
4 41(b).

6 Dated: May 10, 2016

7                                 HONORABLE KENLY KIYA KATO
                                  United States Magistrate Judge