UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAH BAINS,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PACIFIC GAS AND ELECTRIC COMP. PG and E,<br><br>　　　　　　　Defendant. | Case No. EDCV 16-823-GHK (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff Shah Bains ("Plaintiff") has filed a pro se First Amended Complaint ("FAC") alleging Defendant Pacific Gas and Electric Company ("Defendant") violated the Safe Drinking Water Act ("SDWA") and Plaintiff's constitutional rights under Title 42 of the United States Code, section 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the FAC with leave to amend.

///
///
///
///

## II.

## **BACKGROUND**

### A. ORIGINAL COMPLAINT

On April 27, 2016, Plaintiff filed a pro se civil rights complaint ("Complaint") alleging Defendant violated the SDWA and Plaintiff's constitutional rights under Section 1983. See ECF Docket No. ("Dkt.") 1, Compl. Although not entirely clear, Plaintiff's ninety-three-page Complaint appeared to allege Defendant poisoned water on Plaintiff's farm in Hinkley, California. See id.

On May 10, 2016, the Court dismissed the Complaint with leave to amend for failure to comply with Federal Rules of Civil Procedure 8 and 12(b)(6). Dkt. 10, Order. The Court found the Complaint was needlessly long, incomprehensible, rambling, and confusing. Id. at 5. The Court further found Plaintiff failed to state a claim and could not possibly win relief. Id. at 6.

### B. FIRST AMENDED COMPLAINT

On May 26, 2016, Plaintiff filed the FAC. Dkt. 10, FAC. Plaintiff again alleges Defendant violated the SDWA and Plaintiff's constitutional rights under Section 1983. See id. Although not entirely clear, Plaintiff's 110-page FAC appears to allege Defendant poisoned water on Plaintiff's farm in Hinkley, California. See id. Plaintiff asserts the following four causes of action:

1. "BAINS FAMILY HURT FOR LIFE; DAMAGES = $30. MUSD." Id. at 9.[1]
2. "BAINS FARM CROPS DAMAGES = $112. MUSD." Id. at 10.
3. "BAINS WATER DAMAGES = $133. MUSD." Id. at 11.
4. "ADDED PENALTY FOR ARSENIC, LEAD, URANIUM IN WATER." Id. at 12.

Among numerous allegations in the FAC, Plaintiff claims:

---

[1] The Court refers to the pages of the FAC as if Plaintiff consecutively numbered them.

2

- "PG&E hit very lucky, when Calif. Big Cities Started Industrialised, Vietnam War cause L.A. & Bay Areas cities Population exploded, and so was NEED for More Gas & Gase Meters. That meant more & more Pumping. More Pesticides were Mfged, & Shah got promoted to be beSr. I. H. Eng. of so. Half of Calif. Milt Mason was NO. Calif..There were only 34 C.I.H. Statewide in California." Id. at 4.
- "PG&E was so good & silent Company Yr 1982, When P-SB wanted to invest in BUYING A FARM here. Town of Hinkley was HEAVEN, Land of Milk & honey, w/ DVD Dairy as the Centeral, all girls selling Fruits & Vegitables about a mile long in BIG SHADY trees on HWY 58. If they can do it, so can Bains Family, to invest in Farm-land." Id.
- "Cr6 Price of GOLD, as NONE came from any USA, UK. and every-one wanted for all Electroplating jobs for CARS; Trucks; Ball bearings, piston Rings to give a million Miles. If Gold = $ 1200/Oz, Cr6= $15k – 18k/Oz. Apound would be 200k. Five Lb bar = $1 MUSD. Minimum 50 Pb/ Wk/ Tank was PG&E had 3 Tanks running 24 Hrs. It did not matter who HURT?" Id. at 5.
- "BAINS wants SKIN OF MOSLEM SOLD in L.A.'s jewish Mkt, sending FAT-BOY & Grn Tlr-NH4NO3 as Hinkley Hammer; to bust their pipe, like San brnu." Id. at 6.
- "SBO has given that to Bains Family EVEN IF IT IS GOD ALMIGHTY, OR ANY OTHER PIGS OR MOSLM HEAD WHO HAS RAPPED BAINS DAUGHTERS: Dicks will be cut off and displaced / display on West-side Fence. Steal Your Thunder." Id. at 7.
- "When David's Father BROKE POLICE-MAN'S NECK IN ANGER. He went to Jail 4 ten Years. Family fell apart. CHIEF'S & Linda Cheng still has Neck & alive, counting bil D. Fijnaly Bains Caught the PIGGS (PG&E) into

Fed. Court 4 Justice. David had permanent Disability. Price Per Head = 7.5 MUSD." Id. at 9.

Plaintiff also attaches photographs and invoices as exhibits with descriptions such as: "The Father at Queen Mary last Dinner, Cancer" and "IRISH Queen lady Halen, PG&E stoped her Bottle." Id. at 17.

Plaintiff seeks: "Total of One billion, One Hundred and SEVENTY FIVE MILLION U.S. DOLLARS; to Plaintiffs Bains Daughters for Hinkley FARM WATER POISONNING, Pains & sufferings." Id. at 13.

## III.
## STANDARD OF REVIEW

In civil actions where the plaintiff is proceeding in forma pauperis, Congress requires district courts to dismiss a complaint "at any time" if the court determines the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000) (en banc).

Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (same). The court's authority in this regard includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. See Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

In applying these standards, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from

knowing the most basic pleading requirements" or "from following court rules." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## IV.
## DISCUSSION

### A. THE FIRST AMENDED COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

#### (1) APPLICABLE LAW

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted). See also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if

"a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"). See also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

### (2) ANALYSIS

Here, the FAC is needlessly long, incomprehensible, rambling, and confusing. See Cafasso, 637 F.3d at 1059. The FAC comprises 110 pages of nonsensical run-on sentences that render the FAC unintelligible. See Dkt. 10, FAC. The FAC is lengthier and arguably less comprehensible than Plaintiff's original Complaint. Even more troubling is that the FAC makes graphic and hostile threats. Like the original Complaint, the FAC fails to give Defendant adequate notice of the legal claims asserted against it. See McHenry, 84 F.3d at 1176. For example, the Court cannot discern the meaning of Plaintiff's allegations that:

- "BAINS wants SKIN OF MOSLEM SOLD in L.A.'s jewish Mkt, sending FAT-BOY & Grn Tlr-NH4NO3 as Hinkley Hammer; to bust their pipe, like San brnu." Dkt. 10, FAC at 6.
- "EVEN IF IT IS GOD ALMIGHTY, OR ANY OTHER PIGS OR MOSLM HEAD WHO HAS RAPPED BAINS DAUGHTERS: Dicks will be cut off and displaced / display on West-side Fence. Steal Your Thunder." Id. at 7.
- Plaintiff "lived in CERRITOS & L.A. COUNTY pd. Price / Burnt w/ Medical Costs Doctors bills & White Policeman JOB." Id. at 9.
- "When David's Father BROKE POLICE-MAN'S NECK IN ANGER. He went to Jail 4 ten Years. Family fell apart. CHIEF'S & Linda Cheng still has Neck & alive." Id.

- "CH2M Skipping Domestic Well, got CAUGHT HERE for 30 MUSD People Damages, as PG&E Stopped Bottle Water, to kill her, Faster." Id. at 10.
- "CH2M Paid $ to MAX-MAFIA to destroy evidence. 500 lb Motor pulling w/ 220 Volts 3 Phase BUSTED STOLEN?  P-SB wants HEAD OF MAFIA & MOSLEM ON Gate & fence." Id. at 11.

Unclear pleadings such as the FAC, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," remain subject to dismissal. Little v. Baca, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). The FAC's causes of action remain opaque and the FAC fails to correct the defects the Court found in the Complaint. See Dkt. 8, Order. Accordingly, the Court must dismiss the FAC for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177; see also Clayburn v. Schirmer, No. CIV S-06-2182-ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

### B.  THE FIRST AMENDED COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**(1)  APPLICABLE LAW**

As stated above, Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar, 813 F.2d 986, 991.

**(2)  ANALYSIS**

Here, because the Court cannot decipher Plaintiff's allegations, Plaintiff fails to state a claim and "cannot possibly win relief." See id. Thus, the Court must dismiss the FAC for failure to comply with Rule 12(b)(6). Id.

## V.

## **ORDER**

Accordingly, the Court ORDERS Plaintiff's FAC be DISMISSED with leave to amend.

### A. PLAINTIFF MAY FILE A SECOND AMENDED COMPLAINT

Within twenty-one (21) days of this order, Plaintiff may file a Second Amended Complaint. If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In amending the FAC, Plaintiff must state each claim separately. For each claim, Plaintiff should clearly, precisely, and briefly identify the legal basis and the facts underlying it. See Bautista, 216 F.3d at 840-41. Plaintiff should identify when the alleged harm was committed, who caused the alleged harm, and what actions were committed by each alleged wrongdoer. In addition, the Second Amended Complaint must be complete without reference to the Complaint, FAC, or any other pleading, attachment, or document. Plaintiff must comply with Central District of California Local Rules.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all the claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A]

8

district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.  Thus, if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.

**B.    PLAINTIFF MAY VOLUNTARILY DISMISS THIS CASE**

Alternatively, Plaintiff may request a voluntary dismissal of this case, pursuant to Federal Rule of Civil Procedure 41(a).  If Plaintiff chooses this option, this action will be dismissed in its entirety without prejudice.  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: June 02, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge